UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22847-CIV-GRAHAM/GOODMAN
(No. 84-8069-CR-EPS; No. 85-0764-CR-EPS)

VINCENT VICTOR ROGGIO,

    Petitioner,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING DISQUALIFICATION

## REQUEST (DE# 9) AND SEEKING INFORMATION

## <u>FROM COUNSEL IN ORDER TO ESTABLISH BRIEFING SCHEDULE</u>

THIS CAUSE is before the Court on Petitioner's Response in Opposition to AUSA Heck Miller's Notice of Appearance and Availability to Respond (DE# 9) and the United States' court-ordered reply (DE# 17) to the "Response."

In his Response, Roggio argues that AUSA Caroline Heck Miller should not in any way be involved in responding to his 145-page Petition for a Writ of *Coram Nobis* (DE# 1) because she is a fact witness. Specifically, Roggio alleges that AUSA Heck Miller engaged in "serious prosecutorial misconduct and egregious wrongdoing." According to Roggio, AUSA Heck Miller should play no role in this matter other than as a fact witness.

Not only does Roggio request entry of an order precluding AUSA Heck Miller from participating in the Government's response, but he also asks that the entire United States Attorney's Office for the Southern District of Florida not participate either. Instead, Roggio asks that "another U.S. Attorney's Office altogether" be assigned to

respond, in order to have "the objectivity to advocate fairly" and which will have "allegiance to the truth" and investigate the charges "without fear of favor."

After receiving Roggio's filing, the Court directed AUSA Heck Miller and the United States to respond to Roggio's twin, related requests to, in effect, disqualify them. AUSA Heck Miller has now filed the Reply on behalf of the United States (DE# 17).

The Court has reviewed Roggio's initial Response (which the Undersigned construed as a *de facto* motion to disqualify) and the United States' Reply, including all supporting exhibits.

Based on this Record, the Court **denies** Roggio's implicit motion to disqualify AUSA Heck Miller and the entire United States Attorney's Office for the Southern District of Florida from participating in the defense of this 145-page *coram nobis* petition. There are many reasons why the Court is overruling the objection to the continued involvement of AUSA Heck Miller and her Office:

1. Roggio has not met his burden of establishing grounds for disqualification.

2. Roggio contends that AUSA Heck Miller is a "witness in this matter," but there is no trial or evidentiary hearing scheduled, which means there is no underlying proceeding in which AUSA Heck Miller will be a witness.

3. Courts view the "lawyer-as-witness" prohibition to apply to *trials*, not hearings or other pre-trial or post-trial proceedings. There is no trial scheduled.

4. Even if AUSA Heck Miller were deemed a necessary fact witness, she would not need to be disqualified in these post-trial proceedings.

5. Disqualification would generate a huge hardship on the United States, as AUSA Heck Miller has extensive experience in the investigation, prosecution and post-trial proceedings involving Roggio. This direct involvement appears to be unique and it seems as though there is no other prosecutor who has the depth of experience as AUSA

Heck Miller has in the Roggio matters (i.e., the two prosecutions which resulted in a consolidated three-month trial, the appeal and the myriad post-conviction petitions).

6. For the same reason, disqualifying the entire United States Attorney's Office in this district is an extreme remedy which is unwarranted under the procedural history.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

In its Reply (DE# 17, p. 9), the United States advises that "all the issues in Petitioner's rambling 145-page shotgun petition pleading have been previously raised, in his direct appeal or one of his many § 2255 motions." The Reply and the exhibits certainly seem to support this description. Indeed, the district court judge who presided over the trial, the federal magistrate judge who evaluated the post-conviction petitions and the appellate court have all condemned Roggio's myriad challenges in harsh terms. The Court is hardly an expert in the procedural history underlying this case, which flows from two related criminal prosecutions filed more than 25 years ago. Nevertheless, the record of that history presented here generates significant grounds to conclude that there may well be procedural flaws and barriers which would prevent this latest petition from moving forward.

Rather than direct the parties to address the merits of the allegations, the Court believes it would be far more efficient to focus first on the potential **procedural** barriers, such as the successive and abusive motion doctrine, res judicata, collateral estoppel, claim preclusion, issue preclusion, laches and similar doctrines. It would be a monumental waste of this Court's time to start diving into the merits of the allegations raised in the 145 pages submitted by Roggio and *then* address the threshold procedural issues (which might completely moot the petition).

Therefore, the Court will first address the potentially case-dispositive procedural issues.

Given the lengthy, protracted, complex and perhaps confusing record which has been created over the past 25 years in myriad proceedings relating to the underlying criminal prosecution of Roggio, the Court does not yet have a firm grasp on how long it will take the parties to comprehensively brief the procedural issues.

Therefore, the parties shall comply with the following briefing schedule:

A.    The United States shall submit a brief notice, by 5:00 p.m. on Friday, October 14, 2011, explaining: (1) what mechanism (e.g., a summary judgment motion, a motion to dismiss – with judicial notice of prior filings, orders and opinions, a motion for judgment on the pleadings, etc.) it believes would be appropriate to best analyze the potentially case-dispositive procedural barriers, (2) how much time it reasonably believes it will need to file comprehensive memoranda on the threshold procedural issues, (3) the anticipated length of the submissions (including a reply memorandum), (4) whether it believes oral argument will be necessary after briefing, and (5) if so, the anticipated length of the non-evidentiary, legal argument hearing.

B.  Roggio shall submit a similar notice within 5 days of service of the United States' notice.[1]

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 6th day of October, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham

All counsel of record

---

[1] By asking the parties to advise the Court of their predictions and preferences, the Court is not agreeing to necessarily use the exact deadlines, page limits and other factors mentioned in the notices. The Court will consider the dates and other information mentioned in the to-be-filed notices and will then issue a briefing schedule after receiving both notices.